1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8            NORTHERN DISTRICT OF CALIFORNIA
9
10   THAI SENG, 02774945,
                                              Case No. 16-6818 SK (PR)
11              Petitioner,
                                              **ORDER TO SHOW CAUSE**
12        v.
                                              (ECF Nos. 2, 3 & 6)
13   WARDEN OF IMMIGRATION
     DETENTION FACILITY,
14
                Respondent.
15

16

17        Petitioner Thai Seng has filed a <u>pro se</u> petition for a writ of habeas corpus under 28

18   U.S.C. § 2241 challenging his ongoing detention by the United States Immigration and

19   Customs Enforcement (ICE) at the Rio Cosumnes Correctional Center in Elk Grove,

20   California.  He also seeks appointment of counsel and leave to proceed <u>in forma pauperis</u>

21   (IFP) under 28 U.S.C. § 1915.

22        The petition is properly before the undersigned for initial review because petitioner

23   has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

                              **BACKGROUND**
24
25        Petitioner was born in Cambodia, admitted into the United States in 1986, and is not

26   a citizen of the United States.  On an unstated date, petitioner was convicted of first degree

27   murder.  On or about February 24, 2016, petitioner was detained by ICE and has remained

28   in ICE custody since that date.  On or about May 11, 2016, an Immigration Judge ordered

United States District Court
Northern District of California

petitioner removed from the United States.  Petitioner did not appeal that decision.  On or about May 16, 2016, petitioner received a decision to continue detention from ICE, and on or about August 8, 2016 he received a second such decision to continue detention.  Petitioner "has cooperated fully with all of ICE's efforts to remove" him, but ICE has been unable to remove him and is unlikely to be able to remove him because Cambodia "is not responding most likely they can't locate[] my birth certificate or other documents for that matter."  Pet. (ECF No. 1) at 4.

## DISCUSSION

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.     Claims

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention.  Zadvydas v. Davis, 533 U.S. 678, 699 (2001).  Although 8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, it does not permit indefinite detention of an alien whose native country will not accept him if he is removed.  Id. at 687-88, 697-98.  Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute.  Id. at 699-700.

Petitioner contends that his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas.  Liberally construed, the petition states a cognizable claim for habeas relief under § 2241 based on petitioner's prolonged detention by ICE.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

United States District Court
Northern District of California

United States District Court
Northern District of California

Petitioner names five persons as respondents, but only one is needed and only one is appropriate.  There is generally only one proper respondent for a habeas petition under 28 U.S.C. § 2241, and that is the person "with the ability to produce the prisoner's body before the habeas court."  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  The "longstanding practice" in habeas petitions challenging present physical confinement is that the "warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" is the proper respondent.  Id.  Here, the respondent listed as "Warden of Immigration Detention Facility" is the proper respondent.  The other named respondents are dismissed.

C.    Request for Appointment of Counsel

Petitioner's request for appointment of counsel (ECF No. 2) IS DENIED without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court).  Petitioner adequately presented his claim for relief in the petition.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's request to proceed IFP (ECF Nos. 3 & 6) IS GRANTED.

2.    The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondent (Warden of Immigration Detention Facility at Rio

Cosumnes Correctional Center) and respondent's attorney, the United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C.  The clerk also shall serve a copy of this order on petitioner.

3.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

5.      Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner also must keep the court and all parties informed of any change of address.

**IT IS SO ORDERED.**

Dated:   January 12, 2017

_____
SALLIE KIM
United States Magistrate Judge